IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHRISTOPHER JAMES XIMENEZ,

    Petitioner,       No. CIV S-09-3056 MCE EFB P

  vs.

MICHAEL MARTEL[1], Warden, et al.    FINDINGS AND RECOMMENDATIONS

    Respondent.

_____/

    Petitioner is a state prisoner proceeding without counsel on a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  On November 17, 2009, he moved to stay his petition and hold it in abeyance so that he may return to state court to exhaust certain unspecified "Newly Discovered relevant Constitutional Claims."  Mot. for Stay, Dckt. No. 21, at 1.  Respondent has not submitted an opposition to the motion.

////

---

[1] The petition indicated petitioner's incarceration at California State Prison – Corcoran and accordingly named the (now former) Warden of that institution, Derrell G. Adams, as respondent.  Petitioner submitted a notice of change of address, however, on the same day that he filed the petition, noting his current incarceration at Mule Creek State Prison.  Accordingly, the court now substitutes in the correct respondent, the Warden of Mule Creek State Prison, Michael Martel.  *See Stanley v. Cal. Supreme Court*, 21 F.3d 359, 360 (9th Cir. 1994) ("A petitioner for habeas corpus relief must name the state officer having custody of him or her as the respondent to the petition."); Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254, Rule 2(a).

1    There are two approaches for analyzing stay-and-abey motions – one provided for by

2  *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2002) and the other by *Rhines v. Weber*, 544 U.S. 269

3  (2005).  The court construes petitioner's motion as made pursuant to *Kelly* rather than *Rhines*,

4  because petitioner has made no showing of good cause for not exhausting the claims earlier, as

5  *Rhines* requires, and because his petition is fully exhausted rather than "mixed" (i.e., containing

6  both the unexhausted and exhausted claims).  *King v. Ryan*, 564 F.3d 1133, 1134 (9th Cir. 2009);

7   *Jackson v. Roe*, 425 F.3d 654, 661 (9th Cir. 2005) (stating that *Rhines* applies to requests for

8  stay of mixed petitions and not those containing only exhausted claims).

9    *Kelly* provides that a district court may stay a petition containing only exhausted claims

10  and hold it in abeyance pending exhaustion of additional claims which may then be added to the

11  petition through amendment.  *Kelly,* 315 F.3d at 1070-71; *King,* 564 F.3d at 1135.  However,

12  those claims must still be filed within the statute of limitations provided by 28 U.S.C.

13  § 2244(d)(1).  *King*, 564 F.3d at 1140-41.  Under that section, a one-year limitation period for

14  seeking federal habeas relief begins to run from the latest of the date the judgment became final

15  on direct review, the date on which a state-created impediment to filing is removed, the date the

16  United States Supreme Court makes a new rule retroactively applicable to cases on collateral

17  review or the date on which the factual predicate of a claim could have been discovered through

18  the exercise of due diligence.  28 U.S.C. § 2241(d)(1).  A federal habeas petition does not toll the

19  limitations period under 28 U.S.C. § 2244(d)(2).  *Duncan v. Walker*, 533 U.S. 167, 181-82

20  (2001).

21    Petitioner states that he "is concerned about <u>ANY</u> of his Statute of Limitation's time

22  running," and asks the court to assure him that he will be able to return to federal court after

23  exhausting the unspecified claims.

24    Petitioner's judgment became final on direct review 90 days from the California Supreme

25  Court's denial of review of his case, when the time for petitioning the U.S. Supreme Court for

26  certiorari expired.  *Bowen v. Roe*, 188 F.3d 1157, 1158-59 (9th Cir. 1999).  As the California

Supreme Court denied review on May 3, 2008, petitioner had until August 1, 2008 to seek review in the U.S. Supreme Court, which he did not do.  He had one year from that date, or until August 2, 2009, to timely file his federal habeas claims.  Thus, if petitioner were to amend his petition after exhaustion to state the additional claims, they would likely be time-barred.

However, the claims may "relate back" to the date that the petition was originally filed if they share a "common core of operative facts" with the exhausted claims in the petition.  *King*, 564 F.3d at 1141.

In addition, petitioner alleges that the additional claims are "newly discovered."  Thus, they may be timely under § 2244(d)(1)(D), which provides that AEDPA's limitations period does not begin to run until the date on which the factual predicate of the claim could have been discovered through the exercise of due diligence.  The "factual predicate" of the claim is discovered "when the prisoner knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance."  *Hasan v. Galaza*, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001).

Lastly, the one-year limitations period may, in some circumstances, be subject to equitable tolling.  The United States Supreme Court has recognized that a habeas petitioner "seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."  *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).  In light of this pronouncement, the Ninth Circuit has clarified its own standard as follows:

> The threshold for obtaining equitable tolling is very high, but it applies where a petitioner shows that despite diligently pursuing his rights, some extraordinary circumstance prevented him from timely filing.

*Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir. 2009).  Petitioner has the burden of showing facts entitling him to equitable tolling.  *Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002).

////

1    Petitioner has not informed the court of the substance of the claims he wishes to exhaust,

2  and those claims may very well be time-barred.  Accordingly, the undersigned recommends that

3  the court decline to exercise its discretion to stay the action due to the likely untimeliness of the

4  claims petitioner seeks to add to the petition, without prejudice to any motion to amend

5  petitioner may bring should he elect to exhaust the unexhausted claims and attempt to add them

6  to the instant petition despite the court's decision not to grant a stay in the interim. *See Kelly*,

7  315 F.3d at 1070 (stating that district courts have discretion over whether to stay federal habeas

8  proceedings pending exhaustion in state court).

9    Accordingly, it is hereby RECOMMENDED that petitioner's motion to stay, Dckt. No.

10  21, be denied.

11    These findings and recommendations are submitted to the United States District Judge

12  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one

13  days after being served with these findings and recommendations, any party may file written

14  objections with the court and serve a copy on all parties.  Such a document should be captioned

15  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

16  shall be served and filed within ten days after service of the objections.  The parties are advised

17  that failure to file objections within the specified time may waive the right to appeal the District

18  Court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

19  Dated:   July 20, 2010

20

21    EDMUND F. BRENNAN
      UNITED STATES MAGISTRATE JUDGE

22

23

24

25

26