IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER JAMES XIMENEZ,<br><br>        Petitioner,<br><br>vs.<br><br>DERRELL G. ADAMS, Warden,<br><br>        Respondent. | Case No. 2:08-cv-03056-JKS<br><br><br>ORDER |

   In December 2004 Ximenez was convicted of assault with a deadly weapon, kidnapping, making criminal threats, and child endangerment. That same day, the court held a bench trial and found that Ximenez had suffered a prior serious felony conviction within the meaning of California Penal Code §§ 667(b)-(I) and 1170.12 and that he had also served a prior term within the meaning of California Penal Code § 66705(b). The court imposed a "prior strike" enhancement and sentenced Ximenez to an aggregate term of 28 years.

   On October 6, 1997, in the Sacramento County Superior Court, Ximenez pleaded guilty to one count of committing a lewd and lascivious act with a minor. This conviction became the basis for Ximenez's "prior strike" enhancement in the instant proceedings. In claims nine through fourteen to this Court, Ximenez raises various challenges to the validity of his 1997 conviction. Apparently, Ximenez hopes to reduce his current sentence by attacking his previous

conviction, thereby eliminating his "prior strike" enhancement.  One of the claims Ximenez raises is that he was denied the right to counsel during the 1997 proceedings.  He explains that three public defenders were appointed to represent him, but that each one refused to assist him given the nature of the crime he was accused of.  According to Ximenez, after the trial court discharged the third public defender, the court refused to appoint new counsel or to allow Ximenez to represent himself.  Although Ximenez does not attach any records or evidence in support of these allegations, he claims that he does not have access to the 1997 court records and transcript.

In *Lackawanna County Dist. Attorney v. Coss*, 532 U.S. 394 (2001) the Supreme Court held:

> [O]nce a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid.  If that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained.[1]

However, the Court recognized "an exception to the general rule for § 2254 petitions that challenge an enhanced sentence on the basis that the prior conviction used to enhance the sentence was obtained where there was a failure to appoint counsel in violation of the Sixth Amendment, as set forth in *Gideon v. Wainwright*, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963)."[2]

If Ximenez is able to show that he was denied his Sixth Amendment right to counsel in the 1997 proceedings, he may be entitled to relief from this Court.  However, since Ximenez has

---

[1] *Coss*, 532 U.S. at 403-04.

[2] *Id.* at 404.

not attached any evidence or records in support of his allegations and Respondent has not addressed the merits of this specific claim, this Court will order supplemental briefing.[3]

**IT IS HEREBY ORDERED THAT** no later than May 6, 2011, the Petitioner, Christopher Ximenez, shall submit documentation and a brief not to exceed 15 pages in support of his claim that he was denied counsel during the 1997 proceedings.  The Respondent shall respond to Ximenez, in a response not to exceed 15 pages, by no later than May 27, 2011.[4]  At that time, this Court will review the parties' briefs and, if necessary, set an evidentiary hearing on the matter.

Dated: April 4, 2011.

/s/ James K. Singleton, Jr.

**JAMES K. SINGLETON, JR.**
United States District Judge

---

[3] In his petition to this Court Ximenez claims that he does not have immediate access to the court records of the 1997 proceedings, but that the records and transcripts will verify his accounting of the proceedings.

[4] The record is not clear whether Ximenez filed a direct appeal from the 1997 proceedings raising his "denial of counsel claim."  However, Ximenez did raise the issue to the California Court of Appeal and the California Supreme Court in a petition for habeas corpus. Under California law, contentions that could have been raised during direct appeal, but were not, generally cannot be renewed in a petition for habeas corpus.  *In re Terry,* 484 P.2d 1375, 1387 (Cal. 1971).  Regardless of whether the California Courts rejected Ximenez's claim for failure to raise it on direct appeal, in his Response, Respondent has not asserted adequate and independent state law grounds as an affirmative defense.  Accordingly, it is deemed waived.  *See Bennett v. Mueller*, 322 F.3d 573, 585 (9th Cir. 2003) ("Once the state has adequately pled the existence of an independent and adequate state procedural ground as an affirmative defense, the burden to place that defense in issue shifts to the petitioner.").  Respondent may address why waiver should not apply in this case.